UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

JAMES THOMAS DEMETRES
128 Climbing Vine Run
Elizabeth City, NC 27909

vs.   CA No.: 2:13cv155

EAST WEST CONSTRUCTION, INC.
700 Independence Blvd, #201
Virginia Beach, VA 23455

FILED
MAR 27 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

COMPLAINT FOR DAMAGES
WITH INCORPORATED JURY DEMAND

James Thomas Demetres demands judgment against the Defendant, East West Construction, Inc. for the following reasons.

A. <u>Background and Summary of the Litigation.</u>

1. On March 28, 2011, James Thomas Demetres, a 52 year old construction supervisor for Ashland Construction Company, was run down and crushed by a bulldozer that was negligently operated by the Defendant, East West Construction, Inc. (hereafter "East West"). The accident occurred at a construction site in Virginia Beach, Virginia. Mr. Demetres is a citizen of North Carolina. The Defendant is a Virginia corporation.

2. Mr. Demetres suffered catastrophic injuries as a result of East West's negligence. To date he has undergone 27 surgeries to repair extensive orthopedic, neurologic, circulatory, gastrointestinal and urologic injuries suffered in this incident. His medical bills to date are approximately $900,000.00.

3. At the time of his injuries, Mr. Demetres was employed by a North Carolina general contractor, Ashland Construction Company (hereafter "Ashland"). Both he and Ashland are subject to workers' compensation laws of the State of North Carolina.

4. Mr. Demetres has been paid North Carolina workers' compensation benefits on behalf of his employer. Under the North Carolina Workers' Compensation Act Section 97-10.2, Mr. Demetres retains the right to sue third parties for negligently inflicted injuries subject to subrogation rights of the compensation carrier. Because the carrier has not instituted suit or settled with the Defendant within sixty days of the two year state of limitations applicable to these claims, he files this suit in his own name as permitted by North Carolina Code Section 97-10.2(c). Under Section 97-10.2(d) the compensation carrier is not a necessary or proper party to this action.

5. This suit is a diversity case to recover for injuries Mr. Demetres suffered, including subrogated amounts paid on his behalf due to East West's negligence.

B. <u>Parties, Jurisdiction & Venue.</u>

6. Mr. Demetres is an adult citizen of the State of North Carolina. He resides at 128 Climbing Vine Run, Elizabeth City, North Carolina 27907.

7. The Defendant, East West Construction, Inc., is a corporation organized and existing under the laws of the Commonwealth of Virginia. East West maintains its principal place of business at 700 Independence Boulevard, #201, Virginia Beach, Virginia 23455 which is within the district and division of this Court. East West is a citizen of Virginia for purposes of diversity.

8. Mr. Demetres' injuries occurred at a construction site on the corner of General Booth Boulevard and Nemo Parkway, Virginia Beach, Virginia. He has received extensive

medical treatment including surgeries and protracted hospitalization in Virginia Beach. All of the locations alleged in this paragraph are within the district and division of this Court.

9. The amount in controversy in this case exceeds $75,000.00. This Court has subject matter jurisdiction over Mr. Demetres' claims pursuant to 28 U.S.C. Section 1332. Venue is proper under 28 U.S.C. Section 139(a).

### C. Mr. Demetres' Injury.

10. On March 28, 2011, Mr. Demetres was assigned by his employer, Ashland, to work as the superintendent for the construction of a new CVS pharmacy located in the 2200 block of General Booth Boulevard in Virginia Beach, Virginia.

11. East West is a site and utility sub-contractor hired by Ashland to prepare the property for construction. At the time of Mr. Demetres' injury, East West's employee, Allen Banks, while acting within the course and scope of his employment, was engaged in grading and leveling a portion of the construction site with a Komatsu bulldozer owned by East West. This diesel powered piece of equipment operates on metal tracks and weighs more than four tons.

12. At approximately 11:30 a.m. on March 28, 2011, Mr. Demetres was required to work in the construction site adjacent to the area where East West's employee was conducting bulldozing operations. At the time he was dressed in a bright safety vest and wore all appropriate safety equipment. Before commencing his own work activities and in order to alert East West to his presence, Mr. Demetres made repeated eye contact with Mr. Banks and Steve Reynolds, another East West employee employed in site preparation activities.

13. Although he was aware, or in the exercise of reasonable care should have been aware, of the Plaintiff's presence, Mr. Banks failed to take proper precautions for the operation of his bulldozer and negligently backed over Mr. Demetres causing extensive and critical

personal injuries. Among other things, the bulldozer crushed Mr. Demetres' pelvis and lower extremities, cut his iliac and femoral arteries, opening a large wound from his thigh, through his rectal area to his upper buttock, and exposing the intestinal tract and other organs, Mr. Demetres' injuries resulted in extensive blood loss and were nearly fatal.

14. In the 24 months since East West injured him, Mr. Demetres has been hospitalized on multiple occasions for a total of more than sixteen weeks. He has undergone 27 operations and was in a medically induced coma for more than a week. For two years he has been continuously engaged in rehabilitation and recuperative therapy, all at a very great financial expense.

15. Despite this extensive medical treatment and rehabilitative therapy, Mr. Demetres continues to suffer grievous injuries. Among other things, he has no motor function below his right knee and he walks only with the aid of a cane and an orthotic brace on his right foot. Until December 2012, he was forced to use a colostomy bag for normal bodily functions. He still uses a catheter and collection bag to evacuate his bladder. Mr. Demetres is severely scarred and has also suffered psychological injuries due to the Defendant's negligence.

16. Mr. Demetres thus far has been completely disabled from gainful employment as a result of this incident, with significant resulting wage loss that will continue.

17. Because of these and other injuries caused by East West's negligence, Mr. Demetres has suffered and in the future will suffer pain, disfigurement, scarring, inconvenience, mental anguish, loss of wages and earning capacity, loss of bodily function, and loss of intimacy with his wife. He has been generally prevented from pursuing the activities of an ordinary person because East West negligently injured him. He will require extensive continuing medical treatment, including possible future surgery.

18. Paragraphs 13 through 17 generally summarize Mr. Demetres' injuries but are not intended as exhaustive or comprehensive medical summary. In this litigation, he claims compensation for all elements of personal injury allowed by law.

### D. Causes of Action.

19. Mr. Demetres was injured as a proximate result of East West's failure to use ordinary care at the time and place of the incident alleged in this Complaint. This is a general allegation of negligence. Based upon current information and belief however, East West was negligent in the following ways:

    A. Carelessly operated the bulldozer that injured Mr. Demetres without due care and caution for the danger commensurate with its operation;

    B. Failed to maintain a proper lookout;

    C. Failed to devote adequate attention to the operation of the bulldozer;

    D. Operated a dangerous piece of construction equipment either without complete knowledge of the surrounding environment or in disregard of the dangers that were present;

    E. Failed to give necessary warnings, including but not limited to an adequate back up beeper on the bulldozer;

    F. Failed to protect Mr. Demetres with a secondary lookout if Mr. Banks was unable to see behind his bulldozer; and

    G. Inadequately supervised Mr. Banks.

Mr. Demetres reserves the right to discover and allege other ways in which the Defendant was negligent.

20. As a proximate result of East West's negligence, Mr. Demetres has suffered serious, painful, and permanent injuries. His injuries are inconvenient and frustrating to him. They harm the quality of his life and have required both past and future medical treatment. They

have diminished if not eliminated Mr. Demetres' employability and have resulted in a reduction in his earning capacity. In this case, he demands compensation for all economic, non-economic, special, and general damages permitted by law. This demand includes, without limitation, lost wages, impaired or diminished earning capacity, the past and future cost of medical treatment, pain and suffering, inconvenience, scarring, disfigurement, anxiety and emotional distress, as well as the medical bills and compensation paid on his behalf, subject to the provisions of North Carolina Code Section 97-10.2.

FOR THE REASONS STATED ABOVE, James Thomas Demetres demands judgment against the Defendant East West Construction, Inc., in the amount of One Hundred Million Dollars, together with costs and pre-judgment interest in an amount to be determined at trial, as well as all other relief that this court may deem proper and just.

## DEMAND FOR JURY TRIAL

Mr. Demetres demands a trial by jury on all issues, including any affirmative defenses or other contested factual matters that may be subsequently pleaded by either party.

JAMES THOMAS DEMETRES
By Counsel

_____
E. Stanley Murphy
Virginia Bar Number 23097
Attorney for James Thomas Demetres

THE MOODY LAW FIRM, INC.
500 Crawford Street, Suite 200
Portsmouth, Virginia 23704
Telephone: (757) 393-4093
Telefax: (757) 393-3714
smurphy@moodyrrlaw.com