

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES THOMAS DEMETRES,

    Plaintiff,

v.                             CIVIL ACTION NO. 2:13cv155

EAST WEST CONSTRUCTION, INC.,

    Defendant.

## OPINION AND ORDER

This matter comes before the court on the Motion to Dismiss ("Motion") and accompanying Memorandum in Support, filed by the Defendant, East West Construction, Inc., pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 6. Therein, the Defendant alleges that this court lacks jurisdiction over the dispute because the Plaintiff's claims are preempted by the Virginia Workers' Compensation Act ("VWCA"). For the reasons set forth below, the court **GRANTS** the Defendant's Motion, and the case is **DISMISSED** for lack of subject matter jurisdiction in this federal court in the Eastern District of Virginia.[1]

---

[1] In so doing, this court makes no decision on the subject matter jurisdiction or merits of this matter in any other state or federal court, namely in North Carolina, given that North Carolina law appears to allow this suit. See infra

## I. FACTUAL AND PROCEDURAL BACKGROUND

This suit arises out of an accident that occurred on a construction site in the City of Virginia Beach on March 28, 2011. Am. Compl. ¶ 1. ECF No. 4. After a period of discovery, the parties filed an Agreed Statement of Facts ("SOF"). ECF No. 24. The following facts, which are relevant to the jurisdictional analysis, are undisputed.

At the time of the accident, the Plaintiff, James Thomas Demetres ("Plaintiff"), a citizen of North Carolina, was an employee of Ashland Construction Company ("Ashland"), a North Carolina corporation. Am. Compl. ¶¶ 1, 3; SOF ¶¶ 1, 3. Ashland, a general contractor, assigned the Plaintiff "to work as the superintendent for the construction of a new CVS pharmacy" in Virginia Beach. Am. Compl. ¶ 10. Ashland hired East West Construction, Inc. ("Defendant"), a site and utility subcontractor and a Virginia corporation, to prepare the property for construction. Am. Compl. ¶¶ 7, 11. On March 28, 2011, one of the Defendant's employees was operating a bulldozer, which he backed over the Plaintiff, causing extensive injuries. Am. Compl. ¶¶ 11, 13. Following the

---

note 4 and accompanying text. Moreover, whether the Defendant has the requisite contacts for personal jurisdiction in North Carolina is not in any way addressed herein.

accident, the Plaintiff received North Carolina workers' compensation benefits on behalf of his employer, Ashland. Am. Compl. ¶ 4; SOF ¶ 6. On March 27, 2013, the Plaintiff filed this diversity action against the Defendant in federal court, alleging that the negligence of the Defendant's employee caused the accident, and seeking $100,000,000 in damages. Am. Compl. ¶¶ 19-20.

## II. STANDARD OF REVIEW

The plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. See, e.g., United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347-48 (4th Cir. 2009) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). When a defendant challenges subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), "'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (quoting Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). The district court should grant the Rule 12(b)(1) motion to dismiss "'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail

as a matter of law.'" Id. (quoting Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768).[2]

### III. ANALYSIS

#### A. Applicable Law

A federal district court hearing a case based on diversity jurisdiction, such as the instant case, must apply the law of the state in which the court sits. E.g., Klaxon Co.

---

[2] Because the United States Court of Appeals for the Fourth Circuit has affirmed a 12(b)(1) dismissal for lack of subject matter jurisdiction in a similar case involving the VWCA, this court conducts a Rule 12(b)(1) analysis. See Evans, 166 F.3d at 647-50. However, this court acknowledges that, subsequent to Evans, some district courts have questioned the classification of cases like the instant dispute as "jurisdictional." See, e.g., Harvard v. Perdue Farms, Inc., 403 F. Supp. 2d. 462, 464-65 (D. Md. 2005) (explaining that although Virginia courts treat dismissal of cases pursuant to the VWCA's exclusivity provision as jurisdictional, federal jurisdictional rules do not "import such Virginia procedural law"). One rationale, however, for the motion to be considered as jurisdictional is that, if the cause of action is barred under Virginia law, then there can be no claim for damages to meet the threshold federal diversity jurisdictional amount of $75,000.

In any event, this court does not need to reach the question of whether conversion into a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, or conversion into one for summary judgment under Federal Rule of Civil Procedure 56, is required. The material facts before the court are undisputed, and all parties have had ample opportunity to conduct discovery on jurisdiction and to submit relevant materials to the court. Consequently, were the court to convert the pending motion into either a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment, the result would be same—judgment for the Defendant and termination of this action.

4

v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941); America Online, Inc. v. St. Paul Mercury Ins. Co., 347 F.3d 89, 92 (4th Cir. 2003). Virginia applies the lex loci delecti rule for determining the applicable law in tort actions. Jones v. R.S. Jones and Assoc., Inc., 246 Va. 3, 5 (1993); see Garcia v. Pittsylvania Cnty. Serv. Auth., 845 F.2d 465, 467 (4th Cir. 1988) (stating that "the law of the State of the accident controls the remedy sought in that particular forum") (citing McCann v. Newport News Shipbuilding & Dry Dock Co., 177 F. Supp. 909, 913 (E.D. Va. 1959)). Moreover, the United States Court of Appeals for the Fourth Circuit has determined that Virginia law applies to a diversity tort action brought in a Virginia federal court regarding whether the exclusivity provision of the VWCA bars the claim. See Garcia, 845 F.2d at 466-68. In Garcia, as in the instant case, the plaintiffs were North Carolina residents, working for a North Carolina company that was performing work in Virginia for a Virginia entity. Id. at 466-68. The plaintiffs were injured in an accident that occurred in Virginia. Id. The Fourth Circuit held that the VWCA applied and that it provided the exclusive remedy for the plaintiffs under Virginia law. Id. at 468. Thus, the plaintiff bears the burden of proving that the VWCA's exclusivity provision does not preclude this court's subject matter

jurisdiction.³ See Jadhav, 555 F.3d at 347-48 (citing Adams, 697 F.2d at 1219).

### B. The VWCA's Exclusivity Provision

The VWCA bars actions against both an employee's "direct" employer and his or her "statutory employer," providing that an injured employee's exclusive remedy lies under the VWCA. The exclusivity provision of the VWCA provides as follows:

> The rights and remedies herein granted to an employee <u>when his employer and he have accepted the provisions of this title</u> respectively to pay and accept compensation on account of injury or death by accident <u>shall exclude all other rights and remedies of such employee,</u> his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death.

Va. Code § 65.2-307(A) (emphasis added).

---

³ The Plaintiff cites Richardson v. L'Eggs Brands Inc., Div. of Sara Lee Corp., No. 95-2020, slip op. (4th Cir. June 20, 1996), for the proposition that Virginia law would defer to North Carolina's workers' compensation laws in these circumstances. Pl.'s Reply and Opp'n to Def.'s Mot. Dismiss 16-17. ECF No. 13. In relying on this case, the Plaintiff ignores Fourth Circuit Local Rule 32.1, which provides that citation of Fourth Circuit unpublished opinions issued prior to January 1, 2007 "is disfavored," unless the party believes that the opinion "has precedential value in relation to a material issue in a case and that there is no published opinion that would serve as well." Here, however, Garcia provides a published opinion that expressly rejects the Richardson court's interpretation of the key case on which it relies to assert that Virginia law would defer to North Carolina law, Solomon v. Call, 159 Va. 625 (1932). See Garcia, 845 F.2d at 466-67 (discussing the Solomon case).

First, the Plaintiff argues that he and his employer, Ashland, did not accept the VWCA because Ashland compensated the Plaintiff under the North Carolina Workers' Compensation Act, not the VWCA. See Pl.'s Reply and Opp'n to Def.'s Mot. Dismiss 9-10. ECF No. 13. He also emphasizes that the Defendant made no financial contribution to Ashland's North Carolina workers' compensation insurance policy, under which the Plaintiff was compensated. Pl.'s Supp. Reply and Opp'n to Def.'s Mot. Dismiss 2. ECF No. 26.

The Plaintiff's argument is unavailing. It is irrelevant that he received workers' compensation benefits from Ashland under North Carolina's workers' compensation laws. The VWCA provides that "[e]very employer and employee, except as herein stated, shall be conclusively presumed to have accepted the provisions of this title." Va. Code § 65.2-300(A). Moreover, the VWCA extends workers' compensation coverage to out-of-state residents injured while working in Virginia. See Garcia, 845 F.2d at 466-68. Indeed, even though the Plaintiff has received compensation under North Carolina's workers' compensation laws, he may be eligible for compensation under the VWCA to the extent that his recovery under North Carolina's workers' compensation laws has not compensated him to the same extent that the VWCA would have done. See Va. Code

7

§ 65.2-508(B). However, coverage under the VWCA constitutes an out-of-state resident's only remedy for injuries that occur in Virginia and that are caused by a statutory employer. See McCann, 177 F. Supp. at 913-14 (explaining that a New Jersey resident injured in Virginia was eligible for compensation under the VWCA and that the VWCA thus barred his tort claim against his statutory employer); see also Garcia, 845 F.2d at 467 (explaining that McCann states the law of Virginia regarding the applicability of the VWCA to out-of-state residents injured in Virginia).

In Garcia, as here, the out-of-state plaintiffs received workers' compensation under the North Carolina Workers' Compensation Act. 845 F.2d at 466. Because they were injured in Virginia by statutory co-employees, the Fourth Circuit held that the VWCA's exclusivity provision barred their tort claims. Id. at 466-68; see also Wilson v. Fraser, 353 F. Supp. 1, 4-5 (D. Md. 1973) ("[I]t is eligibility for benefits under the workmen's compensation laws of Virginia, not whether a claim for benefits was actually made or received, which determines whether a bar to a common law action exists.") (citing Home Indem. v. Poladian, 270 F.2d 156 (4th Cir. 1959); McCann, 177 F. Supp. 909 (E.D. Va. 1959)); McCann, 177 F. Supp. at 913 (explaining that "Virginia intended to grant such

8

remedies to, and impose such restrictions and limitations upon, such non-residents to the same extent as though they were residents and employed by a Virginia employer."). Thus, because the Plaintiff's injury occurred in Virginia and was caused by a statutory co-employee, compensation under the VWCA is his only remedy under Virginia law, and his tort suit is barred here. See infra at 10-16.

The Plaintiff further argues that Garcia does not apply to his case because Garcia considered the pre-1991 version of the VWCA's exclusivity provision. See Pl.'s Reply and Opp'n to Def.'s Mot. Dismiss 13-14. ECF No. 13; Pl.'s Supp. Reply and Opp'n to Def.'s Mot. Dismiss 6-7. ECF No. 26. However, the pre-1991 version of the VWCA's exclusivity provision on which Garcia is based is materially the same as the current version quoted above. Former Va. Code § 65.1-40 (recodified as Va. Code § 65.2-307(A)) provided as follows:

> The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service, or death.

Former Va. Code § 65.1-40 (recodified as Va. Code § 65.2-307(A)) (emphasis added). The only differences in language

9

between the pre-1991 version of the VWCA's exclusivity provision and the current version have been underlined in the quote above. The provisions are substantially the same; thus, the Plaintiff's argument on this point is without merit.

Finally, the VWCA's exclusivity provision extends to "statutory employers," defined in relevant part as follows:

> When any person (referred to in this section as "owner") undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him.
>
> When any person (referred to in this section as "contractor") contracts to perform or execute any work for another person which work or undertaking is not a part of the trade, business or occupation of such other person and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under the subcontractor of the whole or any part of the work undertaken by such contractor, then the contractor shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if that worker had been immediately employed by him.

Va. Code. § 65.2-302(A), (B).

The purpose of Va. Code § 65.2-302, the provision defining "statutory employer," is "to bring within the operation" of the VWCA "all persons engaged in work that is a

part of the trade, business, or occupation of the party who undertakes as owner or who contracts as contractor to perform the work," and to "make liable to every employee engaged in the work every such owner contractor, or subcontractor above such employee." Pfeifer v. Krauss Const. Co. of Virginia, Inc., 262 Va. 262, 266 (2001) (quoting Smith v. Horn, 232 Va. 302, 305 (1986)). The VWCA thus bars all actions by statutory employees against their statutory employers and statutory co-employees. See Nichols v. VVKR, Inc., 241 Va. 516, 519 (1991) ("Contractors, subcontractors, and all workers who are engaged in the trade, business, or occupation of the owner of a project are deemed to be statutory fellow employees. The remedy for any injury suffered by one of them as a result of the alleged negligence of another, while engaged in the trade, business, or occupation of the owner, is limited to that available under the Workers' Compensation Act.") (citing Evans v. Hook, 239 Va. 127 (1990); Smith v. Horn, 232 Va. at 307-09; Lucas v. Biller, 204 Va. 309 (1963); Va. Code §§ 65.1-29, -31, -40).[4]

---

[4] In contrast to Virginia law, North Carolina law seems to permit an employee injured by a third-party subcontractor to bring a tort action against the third-party subcontractor, despite having received workers' compensation benefits from the employer, as the third-party subcontractor is not deemed to be a "statutory employer" of the plaintiff. See Braxton v.

11

An injured employee has a common law action against a third-party tortfeasor for an injury sustained while working for his employer, only if the third-party tortfeaser is a "stranger to the work" of the plaintiff's employer. David White Crane Serv. v. Howell, 282 Va. 323, 327 (2011) (citing Whalen v. Dean Steel Erection Co., 229 Va. 164, 167-68 (1985); Slusher v. Paramount Warrior, Inc., 336 F. Supp. 1381, 1383 (W.D. Va. 1971)). "The 'stranger to the work' test requires that 'the facts of each case be analyzed to determine whether the defendant in a common-law action was, at the time of the plaintiff's injury, a stranger to the work in which the plaintiff was engaged.'" Napper v. ABM Janitorial Servs.-Mid Atl., Inc., 284 Va. 55, 62 (2012) (quoting Whalen, 229 Va. at 169). If the defendant was not a "stranger" to the plaintiff's work or that of the plaintiff's employer, then the VWCA bars the plaintiff's tort action against the defendant. Whalen, 229 Va. at 167-69; see also Stone v. Door-Man Mfg. Co., 260 Va. 406, 418 (2000); Fowler v. Int'l Cleaning Serv., Inc., 260 Va. 421, 428 (2000).

The Virginia Supreme Court applies the "stranger to the work" test to cases like the instant case, in which a

---

Anco Elec., Inc., 330 N.C. 124, 125-29 (1991); Lewis v. Barnhill, 267 N.C. 457, 464-67 (1966).

subcontractor's employee has caused injury to an employee of the general contractor. Stone, 260 Va. at 418-19; Whalen, 229 Va. at 169. The Virginia Supreme Court has stated the "stranger to the work" test as follows:

> The test is not whether [a company], by engaging an independent contractor to perform some part of his business, thereby engages in the business of the independent contractor. It is <u>whether the independent contractor is performing work that is part of the trade, business or occupation of the [company]</u>. If he is, and in doing the work injures an employee of the [company], then the independent contractor, in the same fashion as any other employee of the [company], is not a third party against whom the injured employee's right of action is preserved; but the employee so injured is limited to the compensation provided by the Work[ers'] Compensation law . . . .

Napper, 284 Va. at 63-64 (quoting Floyd v. Mitchell, 203 Va. 269, 274 (1962)) (emphasis added). Thus, the dispositive issue in this case is whether, when the accident occurred, the Defendant was "'performing work that is <u>part of</u> [Ashland's] trade, business or occupation.'" Napper, 284 Va. at 64 (quoting Floyd, 203 Va. at 274 (emphasis added); Feitig v. Chalkley, 185 Va. 96, 102 (1946)).

In applying this test, the Virginia Supreme Court has held that mere suppliers are strangers to the work of general construction contractors. Burroughs v. Walmont, Inc., 210 Va. 98, 99-100 (1969). In Burroughs, the Virginia Supreme Court

13

permitted the employee of a sheetrock supplier to sue the general construction contractor where the supplier solely functioned as a deliverer of supplies and did not perform any construction work. Id. The court explained that merely supplying materials was not part of the general contractor's "trade, business or occupation." Id.

By comparison, the Supreme Court of Virginia has found that a subcontractor spreading sand at a construction site was engaged in the general contractor's "trade, business or occupation." Bosher v. Jamerson, 207 Va. 539, 540-43 (1966). In Bosher, an employee of a material supplier was spreading sand as contractually required and as directed on the job by the general contractor, when his truck struck and injured the general contractor's employee. Id. at 540-41. Because spreading the sand was a part of the construction process, the court held that it was part of the general contractor's "trade, business or occupation" and applied the exclusive remedy provision of the VWCA, dismissing the tort claim. Id. at 541-43; see also Pfeifer, 262 Va. at 267-69 (holding that the defendant's work of digging trenches and installing gas lines rendered the defendant no stranger to the work of building and developing condominiums, thus barring the plaintiff's suit under the VWCA).

Applying the "stranger to the work" test in the instant case, the Defendant was engaged in the "trade, occupation or business" of the Plaintiff's employer, Ashland, at the time of the accident. The instant case is analogous to Bosher. Ashland was in the process of constructing a CVS pharmacy, and the company hired the Defendant to prepare the property for construction. Am. Compl. ¶¶ 10-13. As in Bosher, the Defendant here was no mere supplier, and was not performing work that was only tangential to Ashland's construction of the CVS. Rather, the Defendant was grading and preparing the construction site, fundamental work that was central to Ashland's construction project. When the accident occurred, the Defendant's employee operating the bulldozer was "engaged in grading and leveling a portion of the construction site." Am. Compl. ¶ 11. If a subcontractor spreading sand at the construction site constitutes work that is part of the general contractor's trade, business, or occupation, then so is the Defendant's construction site preparation for Ashland. See Bosher, 207 Va. at 541-43. Moreover, similar to Bosher, the Plaintiff was assigned by Ashland, the general contractor, to supervise the construction of the new CVS pharmacy on Ashland's behalf. See Am. Compl. ¶ 10. Thus, the Defendant was no stranger to Ashland's work. Accordingly, the Plaintiff's

15

sole remedy for his injury is under the VWCA, and his tort suit against the Defendant is barred.⁵

## IV. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss is **GRANTED**, and the case is **DISMISSED** for lack of subject matter jurisdiction in this federal court in the Eastern District of Virginia.⁶ The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to counsel for the parties.

---

⁵ Additionally, the Plaintiff argues that the Defendant has waived its "qualified immunity" under the VWCA because of indemnification provisions in the Defendant's contract with Ashland. Pl.'s Supp. Reply and Opp'n to Def.'s Mot. Dismiss 2-7. ECF No. 26. Significantly, while the North Carolina indemnification provision requires the Defendant to indemnify both Ashland and its employees, the Virginia indemnification provision only requires the Defendant to indemnify Ashland, and not Ashland's employees. See Pl.'s Supp. Reply and Opp'n to Def.'s Mot. Dismiss 2-3. ECF No. 26. Moreover, the case on which the Plaintiff relies to support his indemnification argument held that the exclusivity provision of the VWCA did not invalidate an express indemnification agreement between the plaintiff's employer and the tortfeasor, where the plaintiff's employer filed a suit seeking indemnification; the case did not involve suit by the injured employee against the tortfeasor. See Safeway, Inc. v. DPI Midatlantic, Inc., 270 Va. 285, 290 (2005). Notably, like the Virginia indemnification provision in the instant case, the indemnification provision in Safeway required the defendant to indemnify only the plaintiff's employer, and not the plaintiff himself. See Safeway, 270 Va. at 287-88.

⁶ See supra notes 1 and 4 and accompanying text.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

January 28, 2014

17